C-13-11a
(Rev. 11/09)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

In Re:                                          )
                                                )
Morton, Rachel Lee         xxx-xx-6796          )
4232 Mineral Springs Road                       )       Case No. 16-10536 C-13G
Graham, NC 27253                                )
                                                )
                                                )
                    Debtor.                     )


NOTICE OF PROPOSED PLAN AND ORDER CONFIRMING PLAN
AND TIME FOR FILING OBJECTION THERETO

    1.  A summary of the plan proposed by the Debtor is set forth in the attached copy of a proposed Order Confirming Plan in this case.

    2.  The plan will be confirmed after the time period for filing objections has expired unless a timely objection is filed or a hearing is ordered by the Court.  There will be no hearing on confirmation unless a timely objection is filed or a hearing is ordered.

    3.  Written, detailed objections must be filed within 28 days of the date of this notice with the Clerk of Court, U.S. Bankruptcy Court, P.O. Box 26100, Greensboro, NC, 27420-6100, with copies served on (1) Anita Jo Kinlaw Troxler, Standing Trustee, P.O. Box 1720, Greensboro, NC 27402-1720; (2) the attorney for the Debtor and (3) the Debtor.  If the objecting party is a corporation, the objection must be filed by legal counsel admitted to practice in this District.

    4.  In the event a timely objection is filed or a hearing is ordered, a hearing on the objection to confirmation and on confirmation of the proposed plan will be held on  August 2, 2016 , at 2:00 p.m. in Courtroom #2, Second Floor, 101 South Edgeworth Street, Greensboro, NC.  The party objecting must appear at the hearing if the objection is to be pursued.

    5.  The Debtor and the attorney for the Debtor are required to appear at any hearing on confirmation.

    6.  There will be no further mailing of the Order Confirming Plan to affected parties unless there is a change in the attached proposed Order Confirming Plan.


            DATE:  June 28, 2016            Office of the Clerk
                                            Reid Wilcox, Clerk

C-13-7a
(Rev. 03/16)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| In Re: | ) | **ORDER CONFIRMING PLAN** |
| | ) | **CHAPTER 13** |
| | ) | |
| Morton, Rachel Lee    xxx-xx-6796 | ) | |
| 4232 Mineral Springs Road | ) | Case No. 16-10536 C-13G |
| Graham, NC 27253 | ) | |
| | ) | |
| Debtor. | ) | |

   This case came before the Court, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan proposed in this case; and IT APPEARING to the Court as follows:

**I.**   The Trustee in this case is Anita Jo Kinlaw Troxler, Standing Trustee, Anita Jo Kinlaw Troxler, 500 West Friendly Avenue, Suite 200, P.O. Box 1720, Greensboro, NC 27402-1720;

**II.**   The attorney for the Debtor is Phillip E. Bolton;

**III.**   Under the final plan (the "Plan") as proposed:

   **A.**   **Plan Payments**

      1.   The Debtor is to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the Plan and this Order;

      2.   The monthly plan payment to the Trustee is $300.00 beginning June 25, 2016, increasing to $330.00 per month effective July 2016;

   **B.**   **Administrative Costs**

      1.   **Attorney Fees.** The Attorney for the Debtor is allowed the base fee of $4,500.00. The Attorney has received no fee from the Debtor pre-petition and the remainder of the base fee will be paid by the Trustee as funds are available.

      2.   **Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

C.  **Priority Claims**

Any timely filed claims entitled to priority under 11 U.S.C. §507, on behalf of the entities listed below, will be paid in full in deferred cash payments unless otherwise indicated.

1. **Internal Revenue Service**
2. **N C Department of Revenue**
3. **Alamance County Tax**

D.  **Secured Claims**

1. **Secured Claims To Be Paid In Full - Personal Property**

| Creditor & Property | Claim Filed (Y/N) | Claim Amount | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|
| **W.S. BADCOCK CORP. (personal property)** | Y | $539.38 | $12.00 | 5.5% | |
| **\*ALLY BANK (2014 Nissan)** | Y | $11,522.11 | $221.00 | 5.5% | $110.00 |

**\*ALLY BANK has failed to document a non-preferential perfected lien against the 2014 Nissan as the claim fails to provide evidence of the perfected lien date on the title documentation.  The title documentation does not state the lien date which appears on the title as required by North Carolina law.  The total claim as filed in the amount of $11,522.11 is found to be an unsecured non-priority claim.   Upon amendment by ALLY BANK documenting a non-preferential perfected lien against the title to the 2014 Nissan, the claim will be allowed as secured as indicated above.  No adequate protection payment will be paid unless the claim is amended prior to the month of confirmation to document the non-preferential perfected lien and if amended, the adequate protection payment would be paid effective with the month of amendment if prior to the month of confirmation.**

2. **Property To Be Released.**

*Upon timely filing of a claim documenting a non-preferential perfected lien the following property is released for liquidation and the creditor is allowed 180 days (for real property) and 120 days (for personal property) from the date of entry of this Order to file a documented deficiency claim after liquidating the property.  The automatic stay and co-debtor stay, if applicable, are lifted as to the property released.  The requirements of Rule 3002.1 are terminated.*

| Creditor | Property to be Released | Claim filed (Y/N) |
|---|---|---|
| **UNITED CONSUMER FINANCE** | Kirby vacuum | N |
| **\*SPRINGLEAF FINANCIAL SVCS. OF AMERICA, INC.** | 2004 Suzuki | Y |

**\*SPRINGLEAF FINANCIAL SVCS. OF AMERICA, INC., is found to be an unsecured non-priority claimant on the claim filed in the amount of $2,321.03 due to failure to document evidence of a non-preferential perfected lien against property of the estate.  If the claim is amended documenting a non-preferential perfected lien against property of the estate, an Order will be entered modifying the §362 stay to allow liquidation of the property with any such Order allowing SPRINGLEAF FINANCIAL SVCS. OF AMERICA, INC., 120 days from the date of the Order to liquidate the property and file a documented deficiency claim with failure of SPRINGLEAF FINANCIAL SVCS. OF AMERICA, INC., to file a documented deficiency claim based on liquidation of the 2004 Suzuki within the time indicated by such an Order would result in the release of the property being in full satisfaction of the Debtor's liability under the contract.**

**E.** **General Unsecured Claims Not Separately Classified**

General unsecured claims not separately classified will be paid as funds become available after payment of costs of administration. The estimated dividend to general unsecured claims is 0%.

**F.** The Debtor will pay THE GREATER OF the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, OR a minimum of 36 monthly plan payments, with the plan to be reviewed in twelve (12) months and periodically thereafter for plan payment adjustments;

**G.** The terms and provisions of the Amended Standing Order dated March 11, 2016, are incorporated in this Order and are available on the Court's website at **www.ncmb.uscourts.gov**.

**H.** **IT FURTHER APPEARING** to the Court that the Plan complies with the requirements of 11 U.S.C. §1325; therefore, it is

**ORDERED** that the Plan is confirmed.

                                END OF DOCUMENT